Johnson, J.
The clause of the act of 1822, on which this prosecution is founded, is in the following words (viz :) “ Be it enacted &c. that from and immediately after the first day of March next, if any person or persons whomsoever shall be convicted in any court of sessions of this State of knowingly and wilfully packing or putting into any. bag, bale or bales of cotton, any stone, wood, trash-cotton, cotton seed, or any matter or thing whatsoever, or causing the same to be done, to the purpose or intent of cheating or defrauding any person or persons whomsoever &;c. he shall for the first offence be sentenced to pay afine &c.”
The arguments urged in support of the present motion are deduced from the rule, that general terms in a statute, are not permitted to control particular provisions; and it is contended that the terms “ any matter or thing whatsoever,” must be construed in reference to the preceding specifications, and hence it is concluded, water not being included in those specifications, the defendant had not offended against the act. But it will be seen that this rule does not apply except in those cases where there is some repugnance or incompatibility between the specific and general expressions.
Without entering fully into the various and salutary rules which have been adopted in the construction of statutes it will suffice in the present case to refer to that laid down in the caseofthe U. States v.s Fisher, 2 Cranch 335-390, as superced-ing all others. It is,.thatwhere á law is plain and unambiguous, whetherit be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. Let it then be asked what did .the legislature mean by the use of those terms, and what do they plainly express ? The *308 act itself gives the answer. If any one shall with an intention to'commit a fraud, pack or put in “ any bag, bale or bales of cotton, any stone, wood, trash-cotton, cotton-seed or other matter or thing whatsoever,” he shall incur the penalty, fac, Here there is no incongruity between the specifications and the general expression, and it cannot be doubted that it was the intention of the legislature to punish frauds in packing cotton without regard to the character of the material used.
O’JYeal & James, for the motion.,
Earle, Sol. contra.
The case of the State vs. Mugy proceeded on this principle. In that case the court held that selling goods to a slave for cash, was a violation of the act against trading with slaves, under the general expression “ shall otherwise deal, trade or traffic;” notwithstanding that mode of traffic is no* enumerated in the many specifications contained in it.
Motion refused.